Curia, per

Evans, J.
There is no doubt that a verbal acceptance is sufficient to bind the acceptor, but the words from which such acceptance is to be inferred, must be neither equivocal or conditional. It is said in Story on Bills, sec. 244, “if the import of the language used be equivocal, as if it merely state, ‘your bill shall have attention,’ there it will not be held to be an acceptance; and in the case of Anderson vs. Hick, 3 Camp. 179, the words of acceptance were, “send the bill to my counting house, and I will give directions for its acceptance.” This was held to be an acceptance, provided “the bill was sent.” By the acceptance, the acceptor becomes a party to the contract, and is bound to pay the bill. It would seem there should be in this, as in other contracts, a clear evidence of an intention to do a binding act. It would be attended with the most mischievous consequences, if every loose conversation should be construed into a binding contract. In this case, there is no satisfactory evidence that the bill was shown to Lide, or that he knew the amount. It was a casual conversation at the plaintiff’s store, in which he informed Lide he had a small bill on him, for stores furnished the Congaree Steamer, to which Lide *252 replied, call down and I will pay it — or call at any time as you pass our store, and I will pay. If he had called whilst the defendants were in funds, he, no doubt, would have been paid. If the words import any acceptance at all, it is only a conditional one, that the bill should be paid, if sent for payment within a reasonable time, as whilst the defendants had funds in their hands belonging to the Steamer Congaree ; which was not done. The motion is granted.
The whole court concurred.